IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SARAH CARBONI, a Minor, by and through her parents and next friends, BRANDI CARBONI and STEPHEN CARBONI, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV308 |
| vs. | ) ) | ORDER |
| MARY LANNING HOSPITAL, | ) ) | |
| Defendant. | ) | |

     This matter is before the court on defendant's request for trial in Lincoln [7] and supporting affidavit [8]. Plaintiff requested trial in Omaha when the complaint was filed. The issue of conflicting requests is governed by NECivR 40.1(b)(2), which provides that the judge "shall consider the convenience of the litigants, witnesses, and counsel when deciding the place of trial." Having considered the plaintiff's response [11], the court finds that trial should be held in Omaha.

     The plaintiff and her parents reside in Lake Charles, Louisiana. The defendant hospital is a corporation doing business in Hastings, Adams County, Nebraska. The complaint alleges that the plaintiff was born on December 28, 2002 at the defendant hospital and suffers from cerebral palsy, hypoxic ischemic encephalopathy, seizures, and gastroesophageal reflux disease due to the defendant's negligence.

     Defendant requests trial in Lincoln, Nebraska because many of its potential witnesses were employees of Mary Lanning Hospital, which is located in Hastings. Hastings is 160 miles from Omaha and 104 miles from Lincoln, and defendant contends it would be more convenient for its nurses and staff if trial were held in Lincoln.

     Plaintiff's brief [11] and supporting affidavits [12] advise the court that plaintiff was transferred to Children's Memorial Hospital in Omaha, Nebraska one day after her birth. She was treated at Children's Hospital from December 29, 2002 through January 24, 2003, at which time her family moved to Lake Charles, Louisiana. The doctor who attended the delivery of Sarah Carboni now resides in Massachusetts, and it is likely that plaintiff will retain experts who reside outside Nebraska. The plaintiff will require testimony from doctors and employees of Children's Hospital who, presumably, reside in or near Omaha. During trial, Sarah Carboni may require medical treatment and there are more facilities available in Omaha than in Lincoln. The time and cost of air travel to Omaha is generally less than the time and cost of air travel to Lincoln.

     In general, the party seeking a transfer of venue bears the burden of establishing that the transfer should be granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.),

*cert. denied*, 522 U.S. 1029 (1997); *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). The movant must make a clear showing that the balance of interest weighs in favor of the movant. *See General Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm. of Adjustment*, 895 F. Supp. at 252; *see generally Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990). In order to prevail, the movant must show that its inconvenience strongly outweighs the inconvenience the opposing party would suffer if venue were transferred. *See Nelson*, 747 F. Supp. at 535.

Having considered the parties' submissions, the court does not believe the defendant's inconvenience strongly outweighs the inconvenience plaintiff would suffer if venue were transferred from Omaha to Lincoln.

**IT IS ORDERED** that defendant's request for trial in Lincoln [7] is denied, and trial of this matter will be held in Omaha, Nebraska.

**DATED September 24, 2007.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**