IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SARAH CARBONI, A Minor, ) <br> By and Through Her Parents and Next ) <br> Friends, BRANDIE CARBONI & ) <br> STEPHEN CARBONI ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MARY LANNING MEMORIAL HOSPITAL ) <br> ASSOCIATION, REBECCA WORDEN, ) <br> M.D., and MOSCATI HEALTH CENTER, ) <br> P.C. ) <br> ) <br> Defendants. ) | CIVIL NO 07cv308 <br><br> **AMENDED COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

## I. PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiff seeks to recover damages as a result of acts and omissions, which constitute medical negligence. The medical negligence occurred on or about December 27th and 28th, 2002.

## II. JURISDICTION

2. This court has jurisdiction over the subject matter and the parties in this action by virtue of 28 U.S.C. §1332 in that complete diversity of citizenship

carboni;pleadings;amendedcomplaint.doc; 12/26/07

exists between the Plaintiff and Defendants; the amount in controversy, exclusive of interest and court costs, exceeds the sum of $75,000.00.  Plaintiff requests a jury trial of this matter be in Omaha, Nebraska.

### III. PARTIES

3.     **Sarah Carboni** (hereinafter referred to as **Child**) was born on December 28, 2002 at 7:38 am at Mary Lanning Memorial Hospital Association in Hastings, Nebraska. **Brandie Carboni** (hereinafter referred to as **Mother**) and **Stephen Carboni** (father) are the parents of **Child**, and bring this action on behalf of their daughter Sarah. The Carboni family currently resides in Lake Charles, Louisiana.

4.     **Defendant, Mary Lanning Memorial Hospital Association**, (hereinafter referred to as **Defendant Hospital**) is a corporation located in Hastings, Adams County; at all relevant times it was a corporation engaged in the business of offering medical services.  Its nurses, agents and employees who provided care to **Mother** and **Child,** were acting for, and under the supervision and control of **Defendant Hospital**.

5.     **Defendant, Rebecca Worden** (hereinafter may be referred to as **Defendant Doctor**) at all relevant times was a family practice doctor who provided care to **Mother** and **Child** on, before and after December 28, 2002. Defendant Doctor resides in the Boston, Massachusetts area, at 301 Elm Street, Gardner, Massachusetts, 01440.

6.      **Moscati Health Center P.C.** (hereinafter may be referred to as **Defendant Clinic**) is a Nebraska corporation with its principal place of business 223 E. 14th Street, Suite 100, Hastings, Nebraska 68901. Its registered agent is Michael G. Skoch. At all relevant times **Defendant Doctor** was an employee of **Defendant Clinic**.

### IV. NEBRASKA HOSPITAL – MEDICAL LIABILITY ACT

7.      **Defendants** may have elected to qualify as health care providers under the terms and provisions of the Nebraska Hospital-Medical Liability Act, §44-2801 et. seq. R.R.S. 1943, as amended (hereinafter "the Act"), on the date of **child's** injuries and damages. Plaintiff neither affirms nor denies that **Defendants** complied with the Act.

8.      Plaintiff claims the Act is unconstitutional in whole or in part because it does not promote the health, safety, or general welfare of the public and serves no public purpose. The Act limits the monetary recovery available to a claimant such as this **Child,** without any reasonable relationship to her injuries, and damages. The Act serves no legitimate state interest. The Act violates the laws, Constitutions of the United States and the State of Nebraska.

9.      If any **Defendant** has complied with the Act, Plaintiff hereby waives any right for a medical review panel and elects to file this action directly in the United States District Court for the District of Nebraska.  A copy of this Amended Complaint will be served on both the Director of the Nebraska Department of Insurance and the Attorney General for the State of Nebraska.

## V. STATEMENT OF CLAIM

10. On or about December 2002, **Defendants** represented to the public, including **Mother**, that they had the requisite skill and competence to care for **Mother** during her labor and delivery of **Child.**

11  On December 27th and 28th, 2002, nurses employed by **Defendant Hospital** provided care to **Mother** and unborn **Child**.

12. **Defendants** violated the applicable standard of care for the **Mother's** labor and the **Child's** delivery; including failing to timely and safely deliver **Child**; failing to accurately interpret electronic fetal heart monitor tracing; failing to identify and respond in a timely and appropriate manner to electronic fetal heart rate monitor tracings indicative of fetal intolerance; and failing to use a vacuum extractor appropriately and safely; failure to monitor the use of vacuum extractor appropriately; and, failure to communicate to ensure safe and timely delivery.

13. The negligence of the nurses is imputed to **Defendant Hospital** under the doctrine of *respondeat superior*.

14. The negligence of **Defendant Worden** is imputed to **Defendant Clinic** under the doctrine of *respondeat superior*.

15. **Defendant Hospital** was negligent in credentialing **Defendant Worden** to do operative vaginal deliveries and/or vacuum extractions.

16. **Defendant Clinic** was negligent in hiring, marketing, and permitting **Defendant Worden** to do operative vaginal deliveries and/or vacuum extractions.

## VI. INJURIES AND DAMAGES

17. As a proximate result of Defendants' negligence, **Child** was injured; her injuries include, but are not limited to, the following:

    a. Cerebral palsy;
    b. Hypoxic ischemic encephalopathy;
    c. Seizures
    d. Gastroesophageal reflux disease

18. As a direct and proximate result of the negligence of the **Defendants,** this **Child** suffers from severe personal injuries as described herein, which are permanent in nature. **Child** has suffered, now suffers, and will in the future continue to suffer physical pain and mental torment. As a result of these injuries, **Child** has and will require medical, nursing, hospital, physical therapy, drug treatment and special education.

## VII. PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff prays for judgment against **Defendants** including, but not limited to, compensatory damages in accordance with the laws of the State of Nebraska that will fairly and adequately, but not excessively, compensate for the nature and extent of her injuries; disability; pain and suffering, mental and physical; future medical care; future lost wages; impaired earning capacity; loss of enjoyment of life and for such other items of damage

which may have been caused by the acts of **Defendants,** together with costs expended herein.

20.   WHEREFORE, if either **Defendant** complied with the Act, Plaintiff requests judgment that the Nebraska Hospital-Medical Liability Act is unconstitutional.

DATED this 28th day of December 2007.

        SARAH CARBONI, A Minor, By and Through
        Her Parents and Next Friends, Brandie
        Carboni and Stephen Carboni
        Plaintiffs

By:   s/Ronald J. Palagi
      RONALD J. PALAGI #13206
      THE LAW OFFICES OF
      RONALD J. PALAGI, P.C.
      3131 South 72nd Street
      Omaha, NE 68124
      (402) 397-5000

      LAURA BROWN
      DALE WILLIAMS
      Williams, Squires, Brown and Gilliland
      7901 Fish Pond Road
      Waco, Texas  76710
      (254) 741-6200
      (254) 741-6300 - Fax

      Attorneys For Plaintiffs